IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| COREY TARVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 1:18-cv-00025 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| | ) MAGISTRATE JUDGE FRENSLEY |
| CHERRY LINDAMOOD, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 70), recommending the Court grant in part, and deny in part Defendants' partial motions to dismiss (Doc. Nos. 53, 64). Defendants have filed Objections (Doc. Nos. 72, 73) to the Report and Recommendation, and Plaintiff has filed a Response (Doc. No. 74) to the Objections.

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

In considering a motion to dismiss, a court must determine whether the plaintiff has sufficiently alleged "a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Well-pleaded factual allegations are accepted as true and are construed in the light most favorable to the nonmoving party. 129 U.S. at 1950; *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017).

In his Amended Complaint, Plaintiff alleges he is legally blind and was beaten while incarcerated at South Central Correctional Facility, a facility operated by CoreCivic to house prisoners for the Tennessee Department of Corrections ("TDOC"). (Doc. No. 32). Plaintiff alleges Defendants CoreCivic, TDOC, and certain CoreCivic employees have violated his constitutional rights and his rights under the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act. Defendants CoreCivic and TDOC separately moved for dismissal of several of Plaintiff's claims. The Magistrate Judge reviewed the parties' filings and recommends Defendants' motions be granted as to the following claims: (1) Plaintiff's claims against Shane McClain; (2) Plaintiff's Title II ADA claims against CoreCivic; (3) Plaintiff's Eighth Amendment deliberate indifference claim against TDOC; and (4) Plaintiff's First and Fourteenth Amendment access to the courts claim against Matthew Corkum, f/n/u Simmons, Chris Jackson, and TDOC. The Magistrate Judge recommends denial of the motions as to the following claims: (1) Plaintiff's Eighth Amendment failure to protect claim against CoreCivic; and (2) Plaintiff's First and Fourteenth Amendment access to the courts claim against CoreCivic. In addition, the Magistrate Judge recommends denial of Defendants' request to temporally limit Plaintiff's Rehabilitation Act claim against CoreCivic and TDOC and his ADA Title II claim against TDOC.

Defendants CoreCivic, Corkum, and Jackson raise the following objections to the Report

and Recommendation: (1) the Magistrate Judge erred in failing to recommend dismissal of the Eighth Amendment failure to provide medical care claim and the Eighth Amendment failure to protect claim; and (2) the Magistrate Judge erred in failing to recommend dismissal of the First and Fourteenth Amendment denial of access to the courts claim. With regard to the first objection, the defendants initially argue the Magistrate Judge erred in construing their motion to dismiss as omitting a request to dismiss Plaintiff's Eighth Amendment failure to provide medical care claim. Having reviewed Defendants' motion and memorandum (Doc. Nos. 53, 54), the Court is not persuaded the Magistrate Judge erred in failing to recognize Defendants' intent to develop such an argument.[1]

With regard to the Eighth Amendment failure to protect claim, the defendants argue the Magistrate Judge erred in finding the Amended Complaint sufficiently alleged liability under *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). CoreCivic argues that in order to state a claim it acted with deliberate indifference through its training and supervision, Plaintiff must allege "specific prior instances of unconstitutional conduct demonstrating that the defendant has ignored a history of abuse and was clearly on notice that the training or supervision 'in the particular area' was deficient and likely to cause injury." (Doc. No. 73, at 3).

To state an Eighth Amendment claim against a private prison company, like CoreCivic, a plaintiff must allege the company's official policies or customs resulted in injury to the plaintiff. *O'Brien v. Michigan Dep't of Corr.,* 592 Fed. Appx. 338, 341 (6th Cir. 2014). In this case, the Amended Complaint alleges CoreCivic had a policy and custom of failing to adequately train and

---

[1] A footnote in Defendants' Reply (Doc. No. 69 n.1) brief is not sufficient to put the Magistrate Judge on notice of such an argument.

supervise officers on how to handle incidents involving members of a "Security Threat Group" ("STG") at the prison, permitting undocumented or unscreened STG cell assignments, and permitting officers to clear codes without conducting an adequate investigation. (Doc. No. 32 ¶ 58). These allegations meet the pleading standards of Rule 12 and *Iqbal/Twombley*. The cases cited by Defendants to support their argument for dismissal do not establish the heightened pleading standard they suggest for this claim.[2] *See, e.g., Warren v. Metro. Gov't of Nashville*, 2015 WL 3417844, at *6 (M.D. Tenn. May 27, 2015) (distinguishing between evidence required to withstand summary judgment on a failure to train claim and the allegations sufficient to withstand a motion to dismiss on such a claim). Thus, Defendants' objections to the Magistrate Judge's recommendations on Plaintiff's Eighth Amendment claims are without merit.

The CoreCivic defendants also argue the Magistrate Judge erred in finding the Amended Complaint sufficiently alleged a First and Fourteenth Amendment denial of access to the courts claim because Plaintiff has failed to allege "actual injury." Defendants contend Plaintiff must allege a claim has been lost or rejected, or that the presentation of a claim is currently being prevented, as a result of the denial of his access to the courts.

In order to state a claim for denial or interference with access to the courts, the plaintiff must show an "actual injury." *Harbin-Bey v. Rutter,* 420 F.3d 571, 578 (6th Cir. 2005). Examples

---

[2] *Plinton v. County of Summit,* 540 F.3d 459, 464 (6th Cir. 2008) (finding summary judgment warranted because plaintiff failed to present probative evidence on the question of county's deliberate indifference); *Fisher v. Harden,* 398 F.3d 837, 849 (6th Cir. 2005) (finding summary judgment warranted because plaintiff failed to present sufficient evidence that the county's training programs were inadequate); *Okolo v. Metro. Gov't of Nashville & Davidson Co.,* 892 F. Supp. 2d 931, 943 (M.D. Tenn. 2012) (finding the plaintiff's "formulaic recitations" failed to adequately state a claim for failure to train); *Hutchison v. Metro. Gov't. of Nashville & Davidson Co.,* 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010) (finding the plaintiff failed to allege facts related to a municipal liability on traffic stops and disabled drivers or passengers).

of actual injury include "having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Id.*

Plaintiff's denial of access to the courts claim includes the following allegations:

93. Defendants' practices have obstructed and hindered Plaintiffs' ability to pursue his legal claims, including the constitutional rights and disability discrimination claims asserted in this lawsuit. Those underlying claims are non-frivolous. Indeed, this Court already found that Plaintiff's previously asserted constitutional rights claims were non-frivolous.

94. As described above, Defendants denied Plaintiff the ability to pursue his claims by denying him necessary services to read and write, refusing to waive the 7-day grievance limitation while he was in the hospital, and locking him up in a solitary cell 23 hours per day (leaving him blind and alone). They also denied him equivalent access to the law library at each facility and the ability to investigate and grieve his claims timely and effectively.

95. Furthermore, even after this case was filed, Defendants continued to deny Mr. Tarvin basic services necessary to communicate with the outside world. Then, it prevented him from communicating with outside counsel in a videoconference, falsely stamped a letter from the Court concerning the civil appointment of counsel as "inmate refused," falsely stamped a letter from counsel as "refused" to obstruct written communication with his counsel, impounded other communications without delivering them, failed to translate those that it did deliver, and then intentionally and surreptitiously violated Plaintiff's attorney-client privilege during a videoconference to gain a strategic advantage, to retaliate against him, and to chill future communications with counsel.

96. Upon information and belief, these actions taken to hinder and obstruct Plaintiff's access to the courts are part of a policy, custom, or practice of CoreCivic and the TDOC. These actions serve no legitimate penological interest – they simply function to prevent Plaintiff and others from gaining access to the court system and vindicating their rights.

97. *These actions did, and continue to, severely prejudice Plaintiff in pursuing his legal claims. They prevented him from effectively researching, grieving, and filing this lawsuit, and they continue to interfere with his ability to effectively communicate with counsel verbally or writing to further investigate, formulate, and prosecute his claims against Defendants. These actions have chilled written and remote communications between Plaintiff and his counsel.*

98. *The prejudice is severe. To the extent that the statute of limitations or any*

> *exhaustion requirements might otherwise have barred any of Plaintiff's claims, the Court should find that Plaintiff is entitled to equitable tolling or that those doctrines otherwise do not bar Plaintiff's claims.*
>
> 99. Defendants retaliated against Plaintiff for attempting to exercise his right of access to the courts. Plaintiff's right to file a public lawsuit and make public allegations and other filings against Defendants, including his right to amend his complaint through counsel as ordered by this Court in this case, are forms of protected First Amendment activity. In connection with the Court's appointment of counsel, Defendants intentionally retaliated against the Plaintiff by impounding his mail or falsely stamping it as having been rejected, and by unlawfully snooping on attorney-client privileged communications between Plaintiff and his appointed counsel. These actions were intended to deter Plaintiff from pursuing his claims, to intimidate him and other prisoners from pressing their rights in court, and to retaliate against Plaintiff for successfully obtaining appointed counsel. Defendants' actions would deter a person of ordinary firmness from engaging in this type of speech in the future.

(Doc. No. 32) (emphasis added).

Plaintiff alleges Defendants' interference with his access to counsel and the courts prejudiced him by, among other things, delaying his ability to file grievances and this lawsuit. That alleged prejudice is evidenced by Defendants' request to dismiss certain claims on statute of limitations grounds. (Doc. Nos. 53, 54, 64, 65). Defendants' objection is meritless. Plaintiff has sufficiently alleged actual injury resulting from denial of access to the courts.

Defendant TDOC objects to the Magistrate Judge's failure to recommend temporally limiting Plaintiff's ADA and Rehabilitation Act claims. In response to Defendants' argument that the statute of limitations bars these claims or requires such temporal limits, Plaintiff has relied, in part, on the doctrine of equitable tolling. To determine whether equitable tolling should be applied, courts are to consider the following factors: "(1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant

of the particular legal requirement." *Jones v. Nat. Essentials, Inc.,* 740 Fed. Appx. 489, 494 (6th Cir. 2018) (quoting *Truitt v. Cty. of Wayne,* 148 F.3d 644, 648 (6th Cir. 1998)). TDOC has not addressed these factors in its Objections, nor has it identified sufficient factual support for the courts' application of the factors at this stage of the proceedings. Thus, TDOC has failed to demonstrate the Magistrate Judge erred on this point.

In sum, Defendants' filings fail to state viable grounds to challenge the conclusions of the Magistrate Judge, or otherwise provide a basis to reject or modify the Report and Recommendation. Having fully considered Defendants' objections, the Court concludes they are without merit, and that the Report and Recommendation should be adopted and approved. Accordingly, Defendants' Motions (Doc. Nos. 53, 64) are **GRANTED**, as to the following claims: (1) Plaintiff's claims against Shane McClain; (2) Plaintiff's Title II ADA claims against CoreCivic; (3) Plaintiff's Eighth Amendment deliberate indifference claim against TDOC; and (4) Plaintiff's First and Fourteenth Amendment access to the courts claim against Matthew Corkum, f/n/u Simmons, Chris Jackson, and TDOC. In all other respects, Defendants' Motions are **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE