IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| COREY TARVIN )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CORE CIVIC, et al., )<br>    Defendant. ) | Civil No. 1:18-cv-00025<br>Judge Campbell/Frensley |

## REPORT AND RECOMMENDATION

Pending before the Court is the pro se prisoner Plaintiff's Motion for Temporary Restraining Order and Order of Protection. Docket No. 107. Plaintiff has also filed an amendment to his original motion. Docket No. 121. The Defendants have filed a response in opposition to the motion. Docket Nos. 117 and 118. For the reasons set forth herein, the undersigned recommends that the Plaintiff's Motion be **DENIED**.

## BACKGROUND

The Plaintiff is prisoner in the Tennessee Department of Correction who is legally blind. Plaintiff filed his original complaint pro se alleging that employees of Core Civic violated his Eighth Amendment rights by failing to protect him from harm associated with an alleged assault occurring at South Central Correctional Facility. Docket No. 9. The Plaintiff has since been transferred to the Hardeman County Correctional Facility where, after the appointment of counsel, he filed an Amended Complaint additionally alleging failure to accommodate his blindness. Plaintiff's counsel withdrew and Plaintiff filed the instant motion pro se.

Plaintiff seeks a temporary restraining order and order of protection "against all parties acting in concert with them; to prohibit them from arbitrarily or capriciously punishing or send

other (gang members) to punish the Petitioner/Plaintiff in this case." Docket No. 107. Plaintiff alleges his health and wellbeing are in danger because there has already been attempts on his life. *Id.* He notes that because he is legally blind, he is unable to defend himself "if anything were to happen." *Id.*

Plaintiff's amendment to his motion alleges that the Defendants have "consistently retaliated" against him and that poison was planted in his cell on April 22, 2020. Docket No. 121. Plaintiff alleges this could have resulted in serious injury or his death. *Id.*

In response to the Plaintiff's motion, the Defendants assert that the allegations in the Plaintiff's motion are unrelated to the allegations in his Second Amended Complaint and therefore should be denied. Docket No. 117, p. 4. They contend that the Second Amended Complaint concerns a single failure to protect claim for October of 2017, that occurred at South Central Correctional Facility as well as other claims related to his disability. *Id.* They note that none of the claims or allegations alleged in the Second Amended Complaint concern a failure of Hardeman to protect him. *Id.*

## LAW AND ANALYSIS

### A. Legal Standard

The moving party has the burden of proving that the circumstances "clearly demand" a temporary restraining order ("TRO") or preliminary injunction. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't.*, 305 F. 3d 566, 573 (6th Cir. 2002). The court must balance four factors in deciding whether to issue a TRO or preliminary injunction: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac*

*Retired Employees Ass'n. v. Schimmel*, 751 F. 3d 427, 430 (6th Cir. 2014) (internal quotation marks omitted). These four factors are "factors to be balanced, not prerequisites that must be met." *Michael v. Futhey*, 2009 WL 4981688, at *17 (6th Cir. Dec. 17, 2009), *quoting Six Clinic Holding Corp., II v. Cafcomp Systems*, 119 F. 3d 393, 400 (6th Cir. 1997).

These four factors are "factors to be balanced, not prerequisites that must be met." *Michael v. Futhey*, 2009 WL 4981688, at *17 (6th Cir., December 17, 2009)(quoting *Six Clinics Holding Corp., II v. Cafcomp Systems*, 119 F. 3d 393, 400 (6th Cir. 1997)). Nonetheless, it remains that the hallmark of injunctive relief is the likelihood of irreparable harm. *Patio Enclosures, Inc. v. Herbst*, 39 Fed. Appx. 964, 967 (6th Cir. 2002)("[t]he demonstration of some irreparable injury is a *sine qua non* for issuance of an injunction."); *see also Winter v. Natural Resources Defense Council, Inc.,* 555 U. S. 7, 22-23, 129 S. Ct. 365, 172 L. Ed 2d 249 (2008)(rejecting the notion that a mere "possibility" of irreparable injury was sufficient for a preliminary injunction and holding that "plaintiffs seeking preliminary relief [are required] to demonstrate that irreparable injury is *likely* in the absence of an injunction")(emphasis in original). "A finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzalez v. National Board of Medical Examiners*, 225 F. 3d 620, 625 (6th Cir. 2000).

The plaintiff bears the burden of demonstrating his entitlement to a preliminary injunction, and his burden is a heavy one. Injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't.*, 305 F. 3d 566, 573 (6th Cir. 2002). Further, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must be cognizant of the unique nature of the prison setting. *See, Kendrick v. Bland*, 740 F. 2d 432, 438, n. 3 (6th Cir. 1984).

B. **The Case at Bar**

The Plaintiff does not address any of the factors the Court must address when considering a TRO. The Court will assess below each such factor in turn.

1. **Likelihood of Plaintiff's success on the merits**

As noted above, Plaintiff does not make any argument regarding this factor that supports granting of a TRO. The sum and substance of Plaintiff's concerns raised in his motion is a failure to protect him from harm at Hardeman County. However, Plaintiff's Second Amended Complaint does not contain any claims related to any alleged harm having occurred at Hardeman County. Instead, Plaintiff's claim regarding a failure to protect relates to an incident in 2017 when he was housed at South Central Correctional Facility. Further, Plaintiff has not alleged he has actually suffered harm but rather he may suffer harm. Therefore, there is no indication at all from the motion that Plaintiff is likely to succeed on the merits. As previously noted, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzalez v. National Board of Medical Examiners*, 225 F. 3d 620, 625 (6th Cir. 2000).

Therefore, this factor weighs against Plaintiff and on its own could be fatal to Plaintiff's motion.

2. **Whether the movant would suffer irreparable injury without the injunction**

Plaintiff has not pointed to specific events or harms that he believes that will happen immediately in the future. Plaintiff's motion seems primarily focused on his fear of events because he is blind. However, Plaintiff has been blind throughout the pendency of this action and apart from his claim related to the alleged occurrence at South Central Correctional Facility in 2017, his complaint contains no allegations of failure to protect at Hardeman County. Further, Plaintiff's motion lacks any degree of specificity that would suggest that he is in imminent danger. In fact,

4

Plaintiff's concern is that his blindness places him at danger however, Plaintiff has been blind throughout the pendency of this matter and has not asserted any claims for failure to protect at Hardeman County. Further, apart from his blindness, Plaintiff has alleged no specific facts suggesting that he is facing future, immediate and irreparable injury. As irreparable harm is a necessary showing to warrant a TRO, this factor weighs against Plaintiff.

### 3. Whether issuance of the injunction would cause substantial harm to others

The relief sought by Plaintiff is to be transferred to a special needs facility. Docket No. 107. While the Plaintiff does not explain why this relief would remedy this situation as he will still be blind even if transferred to another facility, it is not clear that granting this relief would cause substantial harm to others. Thus, this factor is neutral.

### 4. Whether the public interest would be impacted by issuance of the injunction

Plaintiff does not address this factor in his motion. However, the Court finds that granting Plaintiff's request could have a potential negative impact. The Plaintiff does not have a constitutional right to be housed in a certain facility. *Beard v. Livesay*, 798 F. 2nd 874, 876 (6th Cir. 1986). Prison officials, rather than judges, should decide where a particular prisoner should be housed and prison officials are certainly in a better position to understand the needs of individual prisoners as well as other factors which contribute to classification and designation of prisoners in their custody. Plaintiff has not shown the Court that he is in immediate or imminent danger and it would not be in the public interest to interfere with an official's job where there is no indication of any forthcoming wrongdoing. Further, the Plaintiff has failed to show that the relief requested would resolve his concerns. Therefore, the Court finds this factor weighs against the Plaintiff.

After balancing all the factors, the Court does not find that the Plaintiff is entitled to a TRO. The two most important factors to consider when evaluating a motion for TRO both weigh against

the Plaintiff. And it is the Plaintiff's burden to show that he is entitled to the exceptional remedy of a TRO which he has not done in this case.

For the reasons discussed herein, the undersigned recommends that Plaintiff's Motion For Temporary Restraining Order and Order of Protection (Docket No. 107) be **DENIED.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
**JEFFERY S. FRENSLEY**
**U. S. District Magistrate Judge**