| | |
|---|---|
| COREY TARVIN a/k/a CORY TARVIN ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CORRECTIONS CORPORATION ) <br> OF AMERICA d/b/a CORECIVIC, et ) <br> al., ) <br> ) <br> Defendants. ) | NO. 1:18-cv-00025 <br><br> JUDGE CAMPBELL <br><br> MAGISTRATE JUDGE FRENSLEY |

## MEMORANDUM

Before the Court on remand from the Sixth Circuit Court of Appeals is the Motion to Dismiss for Plaintiff's Failure to Prosecute and Failure to Comply with This Court's Orders filed by Defendants CoreCivic, Matthew Corkum, and Chris Jackson (collectively "Defendants").[1] (Doc. No. 141). *See Tarvin v. Lindamood, et. al*, Case No. 21-5948, 2023 WL 2592867 (6th Cir., Mar. 22, 2023). On remand, Plaintiff, now represented by counsel, requested, and was granted, the opportunity to file an opposition to the motion to dismiss. (*See* Order, Doc. No. 166). The remanded motion is fully briefed and ripe for reconsideration. (*See* Defendants' Motion to Dismiss, Doc. No. 141; Plaintiff's Response, Doc. No. 169; and Defendants' Reply, Doc. No. 180).

Upon reconsideration, for the reasons stated herein, the Motion to Dismiss (Doc. No. 141) is **DENIED**.

---

[1] The Tennessee Department of Corrections is also a named defendant but is not a party to this motion. For purposes of this memorandum, "Defendants" refers to the moving Defendants.

## I. BACKGROUND

The Sixth Circuit's decision summarized the relevant procedural history as follows:

Plaintiff Corey Tarvin is a legally blind, pro se inmate who filed … a pro se complaint against the Tennessee Department of Corrections, prison officers, and CoreCivic (a private company that runs the relevant prison) in federal court after a group of gang members attacked and stabbed him in October 2017. He alleged violations of his First, Eighth, and Fourteenth Amendment rights. He explained to the court in a couple of handwritten letters that he was legally blind and had difficulty participating in the litigation process. After Tarvin survived screening under the Prison Litigation Reform Act, the district court appointed counsel to represent him in February 2019. Defendants moved to dismiss, but the district court allowed Tarvin, represented by counsel, to move forward on several of his claims.

Soon after, Tarvin asked the court to replace his appointed counsel because of a lack of results and responsiveness. So Tarvin's counsel moved to withdraw. And in March 2021, the district court granted that motion but declined to appoint substitute counsel because no substitute counsel was available. On June 7, 2021,1 CoreCivic sent Tarvin a set of requests for admission and a second set of interrogatories. CoreCivic sent Tarvin a deficiency letter on July 20. Two days later, Tarvin's mother filed a letter explaining that Tarvin's correctional facility did not "mail his mail" and that Tarvin had not received any "paperwork on this case." On August 10, CoreCivic moved to compel Tarvin's response to the second set of interrogatories. A magistrate judge granted that motion and gave Tarvin until August 27 to respond to the second set of interrogatories.[]

On August 25, two days before the magistrate judge's deadline, Tarvin filed a letter with the court, dated August 20, explaining that he was "legally blind" and could not "see to read any small newspaper type print or cursive" and that "CoreCivic and the courts ha[d] [his] medical records and are aware of this." He said that "[w]ithout a qualified and willing helper, [he was] unable to respond to anyone or anything." He explained that the helpers he had had in the past "didn't put [his] mail in the mailbox" or "addressed the envelope with the wrong address[.]" He also said that he had spoken to the court clerk, who explained "that the defendants haven't received the response that I mailed them." He also said that he had tried to call CoreCivic's attorney Mr. Tilly but that Mr. Tilly had not answered.

On August 31, four days after the magistrate judge's deadline, Tarvin filed another letter with the court, dated August 24. He reiterated that he was "legally blind" and couldn't "comprehend what's actually taking place." He said that he wasn't "sure of what's all been filed or amended." He asked if he could participate

2

> in discovery "verbally ... instead of on paper" due to his "visual impairment." He explained that he was "not avoiding the participation in this procedure" but that he was "unable to participate without any help, and, or assistance, due to [him] being visually disable[d]."
>
> On September 10, CoreCivic moved to dismiss for lack of prosecution under Rule 41(b). Tarvin did not respond to this motion but filed several other motions with the court between September 10 and September 17, explaining that inmates had been instructed not to help him.

*Tarvin*, 2023 WL 2592867 at *1-2 (internal citations to the record and footnotes omitted).

On September 30, 2022, the Court granted Defendants' motion to dismiss. (*See* Order, Doc. No. 149). On appeal, Plaintiff added that he had replied to CoreCivic's discovery but that CoreCivic had not received his discovery responses, even though he sent them at the same time that he mailed TDOC its responses, which TDOC had received. *Tarvin,* 2023 WL 2592867 at *2. Plaintiff also stated that CoreCivic's attorney refused his offers to conduct discovery verbally over the phone. *Id*.

The Sixth Circuit vacated the judgment and remanded for consideration consistent with its opinion. *Id*.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). In the present action, Defendants contend Plaintiff failed to comply with the Court's August 12, 2021 order compelling his discovery responses, despite the Court's warning that failure to do so could result in dismissal of his claims.

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant

has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *See Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999). "[N]one of the factors is outcome dispositive." *Id*. However, the Sixth Circuit has directed that "the first factor – a finding of bad faith, willfulness, or fault – deserves the most weight in [the court's] review." *Tarvin,* 2023 WL 2592867 at *2. In this regard, "a party who seeks to avoid the sanction of dismissal 'has the burden of showing that his failure to comply was due to inability, not willfulness or bad faith.'" *Id*. at *3 (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)).

Finally, the Court has cautioned that "dismissal of an action for [] failure to comply [with a court order] is a harsh sanction which the court should order only in extreme situations showing 'a clear record of delay or contumacious conduct by the plaintiff.'" *Buck v. U.S. Dep't of Agric.*, 960 F.2d 603, 608 (6th Cir. 1992) (quoting *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978)).

### III.    ANALYSIS

#### A. Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005). Here, Plaintiff has repeatedly explained that his inability to respond to Defendants' discovery requests is a combination of his disability and problems sending and receiving legal mail from prison. Indeed, Plaintiff states that he did respond to Defendants' discovery requests, but his responses were not received. Moreover, in the weeks preceding Defendants' motion to dismiss he communicated as

4

Case 1:18-cv-00025   Document 204   Filed 01/26/24   Page 4 of 7 PageID #: 1399

much to counsel for CoreCivic and to the Court. (*See* Doc. No. 138, 140, 142-1 (letters dated August 18, 20, and 24, 2021)).

Defendants argue Plaintiff's multiple filings in this case, particularly motions filed while the discovery requests were outstanding, and his varying explanations for his failure to respond discovery requests are evidence that his failure to timely respond was willful. Defendants also point to the long history of this case and other instances of what they characterize as Plaintiff's "contumacious conduct."

The Court is cognizant of the history of this case. However, with regard to the instant discovery matter, Plaintiff's conduct does not display and intent to thwart judicial proceedings. To the contrary, it appears Plaintiff was undertaking efforts to proceed with his case and comply with orders of the Court. Accordingly, the Court finds this factor weights against dismissal.

**B. Prejudice**

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter v. City of Flint*, 723 F.3d 700, 707 (6th Cir. 2013) (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Such prejudice typically arises in the discovery context. *See, e.g., Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel).

Here, there is some prejudice to Defendants who have expended time on discovery and related motions. Defendants note that, at the time of they filed their motion to compel, the case had already been pending for over three years during which Defendants complain they were "forced to respond to [Plaintiff's] incessant motions." (Doc. No. 180 at 5).

As stated above, the Court is well aware of the age and history of this case. The instant motion to dismiss, however, concerns Plaintiff failure to respond to certain discovery requests. In this regard, the prejudice to Defendants is minimal. True, Defendants did not receive a response to their discovery demands. However, Defendants were aware of Plaintiff's disability and that his disability was affecting his ability to respond to discovery. Instead of seeking a cooperative approach, they continued to barrage Plaintiff with a written discovery requests and motions.

The Court finds this factor weighs slightly in favor of dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a key consideration" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (citation and internal quotation marks omitted). Here, the Court warned Plaintiff that failure to comply with the Court's order to compel and participate in discovery could result in recommendation of dismissal. However, Plaintiff made it clear that he was having issues sending and receiving mail and that even when he received mail, he was unable to read it without assistance. Without assurance that Plaintiff received the Court's Order and was able to ascertain its contents, it is unclear whether Plaintiff received notice that his failure to cooperate could lead to dismissal. Therefore, this factor is neutral.

### D. Appropriateness of Other Sanctions

The final factor for the Court's consideration is the appropriateness of less severe sanctions than dismissal. On balance, particularly affording the most weight to Plaintiff's fault, the first three factors weigh against dismissal. The Court, therefore, concludes that a less severe sanction than dismissal could be appropriate. This factor also weighs against dismissal.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. No. 141) is **DENIED**. An appropriate Order will enter.

```
_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE
```