IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| COREY TARVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 1:18-CV-00025 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA D/B/A CORECIVIC, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court are a pair of motions for summary judgment (collectively, the "Motions"), which between them are filed on behalf of all three remaining Defendants in this action. The first motion for summary judgment (Doc. No. 280, "TDOC Motion") was filed by Defendants Shawn Phillips and the Tennessee Department of Correction (collectively, "TDOC Defendants"), and it requests summary judgment as to all remaining claims against them from Plaintiff's third amended complaint (Doc. No. 224, "TAC"). The second motion for summary judgment (Doc. No. 286, "CoreCivic Motion") was filed by CoreCivic, and it requests summary judgment as to all remaining claims against CoreCivic from the TAC.

In support of the TDOC Motion, the TDOC Defendants filed a statement of undisputed facts (Doc. No. 281) and a memorandum (Doc. No. 282"). In support of the CoreCivic Motion, CoreCivic filed various exhibits as attachments to that motion, including a statement of undisputed facts (Doc. No. 286-1), and a memorandum (Doc. No. 287).

Plaintiff purported to respond to the Motions by filing, among other things, two purported affidavits (Doc. Nos. 289, 290). The TDOC Defendants thereafter filed a reply (Doc. No. 291).

Now pending before the Court[1] is a report and recommendation (Doc. No. 304, "R&R") of the Magistrate Judge. The R&R recommends that each of the Motions be granted in their entirety and that this action be dismissed.

No party has filed objections to the R&R, and the time to file objections with the Court has passed. Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the report and recommendation with the district court. For pro se plaintiffs, like Plaintiff here, the Court is willing to extend this fourteen-day deadline by three days to allow time for filings to be transported by mail. But this extension does not help Plaintiff because the R&R was filed on August 21, 2025, and as of September 8, 2025 Plaintiff has not filed any objections.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that

---

[1] Herein, "the Court" refers to the undersigned district judge, as opposed to the magistrate judge who authored the R&R ("Magistrate Judge").
The Court notes that the undersigned has been the assigned District Judge only since October 21, 2024, when the prior assigned District Judge recused himself. (Doc. No. 265).

does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019) (internal citations and quotation marks omitted).

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias; Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

Absent objection, the R&R (Doc. No. 304) is adopted and approved.

## CONCLUSION

As stated above, the R&R (Doc. No. 304) is ADOPTED, and both motions for summary judgment. (Doc. Nos. 280, 286) are GRANTED. Therefore, all claims against Defendants Shawn Phillips, the Tennessee Department of Correction, and CoreCivic are DISMISSED.

As no claims or Defendants remain pending in this case, the Clerk is DIRECTED to enter judgment under Rule 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE